**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFFS**
**ex rel. PAUL MONTGOMERY, et al.**

**v.**                           **NO. 4:05-CV-00899 GTE**

**ST. EDWARD MERCY MEDICAL
CENTER and DAVID MARK McCOY,
M.D. (a.k.a D. MARK McCOY, M.D.)**                           **DEFENDANTS**

**ORDER PERMITTING DR. McCOY TO FILE
REDACTED OR SEALED EXHIBITS**

Before the Court is the Motion to Seal Documents filed by Separate Defendant Dr. David Mark McCoy. The motion seeks Court permission to file under seal the exhibits attached to his Memorandum of Law in Support of Motion to Dismiss Relators' First Amended Complaint (hereinafter, "brief").[1] The motion is granted in part and denied in part.

**Discussion of Dr. McCoy's Motion**

Dr. McCoy has tendered to the Court a complete copy the exhibits to be attached to his brief. After reviewing the exhibits, it appears that good cause exists for placing under seal or redacting the following exhibits, or portions thereof:

>Exhibit 1 - redact patient identifiers
>Exhibit 4 - seal second page
>Exhibit 5 - place attachment D under seal
>Exhibit 6 - place attachment D under seal

---

[1] Defendant McCoy has withdrawn the request to file the brief under seal.

Good cause is lacking for placing any of the remaining exhibits, or portions thereof, under seal or for redacting them. The Court discusses below the manner in which Exhibit 1 should be redacted.

Exhibit 2 is a complaint filed by Paul Montgomery and Carolyn Montgomery asserting a medical malpractice action against Dr. McCoy, St. Edward Mercy Medical Center, and others, filed in the Circuit Court of Sebastian County, Arkansas. The medical malpractice complaint does not appear to have been filed under seal. Accordingly, it is already a matter of public record. Moreover, the document does not appear to contain any medical information regarding anyone other than Paul Montgomery, the Relator in this action and a plaintiff in the medical malpractice action. Exhibit 2 will not be placed under seal or redacted.

Exhibit 3 contains excerpts from the deposition testimony of Laura Sipe, a former St. Edward Hospital employee, and a transcribed informal interview between Ms. Sipe and Lonnie Harrison of the Arkansas Attorney General's Office. The exhibit does not appear to contain any confidential patient information. The Court considered whether a portion of Ms. Sipe's testimony concerns a "peer review committee" within the definition of Ark. Code Ann. § 20-9-501 which might be entitled to protection from public scrutiny. The information in question appears "otherwise available from original sources" and therefore not immune from discovery or use in this action. *See* Ark. Code Ann. § 20-9-503. Exhibit 3 will not be placed under seal or redacted.

**St. Edward's Exhibits**

The Court notes that Separate Defendant St. Edward, in filing its motion to dismiss,

previously submitted three of the same exhibits that Dr. McCoy proposes to submit under seal.[2] The Court recognizes that St. Edward has redacted some of the information in these three exhibits, although not to the extent Dr. McCoy seeks protection for the same exhibits. The Court encourages consistency in this regard. Accordingly, St. Edward is hereby granted permission to submit redacted or sealed versions of its previously submitted exhibits to the same extent as Dr. McCoy.

**Procedure for Redacting Documents**

In fashioning an appropriate system for sealing or redacting documents in this case, the Court begins with the general proposition that the judicial record should be accessible by the public absent good cause for sealing specified portions of the record. The nature of this case dictates that confidential patient information and other sensitive information is likely to be presented. It is appropriate to protect such information by either placing un-redacted documents under seal or by redacting personal information from the public file. When a document contains both confidential and non-confidential information, the Court prefers that the confidential information be redacted rather than placing the entire document under seal.

Private parties with no connection to this action should not have to risk their private health information being made public. However, with regard to Dr. McCoy's Exhibit 1 (St. Edward's Exhibit 5), there is other information in addition to the identity of the patients that goes to the heart of the allegations in this case that should remain a part of the public record. To achieve the balance between both objectives, Exhibit 1 should be redacted rather than sealed.

---

[2] The following exhibits attached to the both Defendants' motions to dismiss are equivalent:
> Dr. McCoy's Ex. 1 ≈ St. Edward's Ex. 5;
> Dr. McCoy's Ex. 5 ≈ St. Edward's Ex. 6;
> Dr. McCoy's Ex. 6 ≈ St. Edward's Ex. 7.

Exhibit 1 should therefore be redacted to exclude all personal data identifiers, including patient initials, date of birth and hospital admission date.[3]

When documents are redacted, there must be some mechanism to permit Court to identify the redacted information or the parties whose identities have been protected. One mechanism for doing so is by filing a reference list under seal containing the personal data identifier(s) and the redacted identifier(s) used in its (their) place in the redacted filing. For the patient information in this case, it would seem to make sense to use one reference list for all patients involved in this case. A particular patient can be given one unique identifier and that identifier can then be used by every party in any submission involving that patient filed in this case. This reference list shall be placed under seal, and the parties may amend or add to it as necessary.

The Court directs the parties to confer for the purpose of agreeing upon a single reference list that shall contain the complete personal data identifier(s) and the redacted identifiers to be included in the redacted submissions. When an agreement is reached, the parties may submit said reference list and the Defendants may submit redacted versions of Dr. McCoy's Exhibit 1 and St. Edward's Exhibit 5.

**CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED THAT Separate Defendant Dr. McCoy's Motion to File Under Seal (docket no. 41) be, and it is hereby, GRANTED IN PART and DENIED IN PART. Exhibits 1, 4, 5 and 6 may be placed under SEAL or REDACTED as stated herein. The

---

[3] The Court will defer to the parties as to whether the "MR #" (which presumably refers to a patient's unique medical record number) should be redacted, but probably so. The Court leaves it to the parties to assess and to comply with their obligations under HIPPA. *See* 42 U.S.C. § 1320d-6(a)(3) & (b).

- 4 -

Defendant Dr. McCoy shall submit to the Clerk a version of the exhibits tendered in support of his Motion to Dismiss that complies with this Order.

IT IS SO ORDERED this  5th  day of January, 2007.

                                                         _/s/Garnett Thomas Eisele_____
                                                       UNITED STATES DISTRICT JUDGE